IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICE W. APPLEBY,

   Plaintiff,

    v.

TROOPER WILLIAM WEST
DPS AGENT,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1334-TWT

**OPINION AND ORDER**

This is a *pro se* civil rights action alleging false arrest and excessive force. It is before the Court on the Defendant's Motion to Transfer Venue [Doc. 33]. For the reasons set forth below, the Defendant's Motion to Transfer Venue [Doc. 33] is DENIED.

**I. Background**

At around noon on July 6, 2012, the Plaintiff Patrice Appleby was driving on Highway 19 in Mitchell County, Georgia. (Am. Compl. ¶ 10.) The Plaintiff was pulled over by the Defendant Trooper William West for speeding. (Am. Compl. ¶ 11.) The Defendant issued the Plaintiff a citation, and the Plaintiff informed the Defendant that she needed a red pen in order to sign it. (Am. Compl. ¶¶ 14-15.) The Plaintiff wished

to use a red pen because, after being a victim of identity theft in 2007, she "made a decision to sign all official, original documents with a red signature as part of a larger plan to protect her signature and identity from future abuses." (Am. Compl. ¶ 26.) When informed that she could not use a red pen, the Plaintiff told the Defendant that "she would need to call her husband to ask what to do if she could not sign her signature in red ink." (Am. Compl. ¶ 17.) The Defendant instructed the Plaintiff to put down her phone, and an exchange followed which resulted in the Plaintiff being pulled out of her vehicle and handcuffed. (Am. Compl. ¶¶ 18-20.) The Plaintiff allegedly suffered injuries during this process. (Am. Compl. ¶ 21.) The Plaintiff brought suit, asserting multiple section 1983 and state law claims. The Defendant moves to have this action transferred to the Albany Division of the United States District Court for the Middle District of Georgia.

## II. Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized,

case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

"[A] district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013). "Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The Court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine Const. Co., 134 S. Ct. at 581 (quoting § 28 U.S.C. 1404(a)).

The Court concludes that a change of venue is not appropriate. To begin, the Plaintiff does not dispute that her case could have been brought in the United States

District Court for the Middle District of Georgia.[1] Thus, the Court need only assess whether the balance of relevant factors supports transferring this action. First, the alleged incident took place in Mitchell County, Georgia, (Am. Compl. ¶ 10), which is located in the Middle District of Georgia, see 28 U.S.C. § 90(b)(5). The Plaintiff does not contend that any of the operative facts took place in the Northern District of Georgia. And "where the forum selected by the plaintiff is not connected with the parties *or the subject matter of the lawsuit*, it is generally less difficult than otherwise for the defendant, seeking a change of venue, to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor." See Prather v. Raymond Const. Co., Inc., 570 F. Supp. 278, 284 (N.D. Ga. 1983) (emphasis added) (internal quotation marks omitted). Second, the Defendant contends that any witnesses to the incident would likely be located in the Middle District of Georgia. In response, the Plaintiff merely asserts that there were no witnesses, which I assume means no witnesses other than the Plaintiff and the Defendant. The Defendant in his brief states that both of the parties are in the Middle District. However, the Plaintiff uses a mailing address – presumably her residence – in

---

[1] The event giving rise to this action took place in Mitchell County, which is within the jurisdiction of the Middle District of Georgia. See 28 U.S.C. § 90(b) ("The Middle District comprises seven divisions . . . (5) The Albany Division comprises the counties of Baker, Calhoun, Dougherty, Early, Miller, Mitchell, Turner, and Worth.").

Jefferson, Georgia. That city is in Jackson County, in the Northern District of Georgia. The Plaintiff argues that a four and a half hour drive to Albany would be a hardship upon her. Since the Defendant does not identify his county of residence, there is no way to compare the hardship to him of driving to Atlanta. Under the circumstances of this case, the Court finds that Plaintiff's choice of forum is not clearly outweighed by other considerations, including the locus of operative facts, the convenience of the parties and non-party witnesses, the location of relevant documents, and trial efficiency.

### III. Conclusion

For these reasons, the Defendant's Motion to Transfer Venue [Doc. 33] is DENIED.

SO ORDERED, this 17 day of April, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge